UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:10-CR-23-ART-3 |
| | ) | |
| RANDALENE LAY, | ) | RECOMMENDED DISPOSITION |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The Court, on referral (D.E. 123), considers reported violations of supervised release conditions by Defendant Randalene Lay. The District Court entered a judgment against Defendant on February 15, 2011, for conspiracy to distribute oxycodone, in violation of 21 U.S.C. § 846. (D.E. 119). Defendant's original imprisonment term was for time served (approximately eight months) followed by three years of supervised release.

Defendant was released from custody on February 14, 2011, and began her term of supervised release on that same date. On March 10, 2011, the United States Probation Office (USPO) issued a Supervised Release Violation Report, and secured a warrant for her arrest from the District Judge. In Violation #1, the Report charges Defendant with violating Standard Condition #7, which provides that "the defendant . . . shall not purchase, possess, use, distribute, or administer any controlled substance . . . except as

prescribed by a physician." Specifically, the Report states that, on March 2, 2011, Defendant admitted to the possible, though accidental use of a Roxicet (oxycodone) tablet the previous day. A urine specimen provided by Defendant that same day tested positive for the presence of oxycodone by both an instant testing device and laboratory testing. A KASPER inquiry was conducted which revealed no prescriptions containing oxycodone having been provided to Defendant between March 2, 2009, and March 2, 2011. Additionally, the Report charges Defendant, in Violation #2, with violating the supervised release condition which provides that "[t]he defendant shall not commit another federal, state, or local crime." The Report reasons that the use of a controlled substance, as alleged in the violation described above, is the equivalent of possessing the controlled substance in violation of 21 U.S.C. § 844(a).

The Court conducted an initial appearance pursuant to Rule 32.1 on March 22, 2011, and set a final hearing following a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. (D.E. 124). At the initial appearance, the United States made an oral motion for interim detention, to which Defendant did not object. (*See id.*). The Court therefore found that Defendant did not carry the heavy release burden imposed upon her under Rule 32.1(a)(6) and 18 U.S.C. § 3143(a). (*See id.*).

At the final hearing on March 24, 2011, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. Defendant competently entered a knowing, voluntary, and intelligent stipulation as to Violation #1. Further, for purposes of Rule 32.1 proceedings, Defendant admitted the factual basis for Violation #1 as described in

the Report. The United States thus established Violation #1 under the standard of § 3583(e).

The parties presented an agreement, which is not binding on the Court. In exchange for Defendant's stipulation to Violation #1, the United States would move, and did move, to dismiss Violation #2. The parties also agreed to revocation, and recommended that the Court impose a term of imprisonment of four months to be followed by a term of supervised release of 30 months.

The Court has evaluated the entire record, including the recent Supervised Release Violation Report and accompanying documents and the sentencing materials from the underlying Judgment in this District. Additionally, the Court has considered all of the § 3553 factors imported into the § 3583(e) analysis. Under § 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant's § 846 conviction was for a Class C felony. *See* 18 U.S.C. § 841(b)(1)(C); 18 U.S.C. § 3559. For a Class C felony, the maximum revocation sentence provided under § 3583 is two years of imprisonment. *See* 18 U.S.C. § 3583(e)(3). The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x. 436, 438-439 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, U.S.S.G. § 7B1.4, such statements 'are merely

advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted). Under § 7B1.1, Defendant's admitted conduct with respect to Violation #1 would qualify as a Grade C violation. Given Defendant's criminal history category of I (the category at the time of the conviction in this District) and a Grade C violation, Defendant's range, under the Revocation Table of Chapter 7, would be 3-9 months. The conduct alleged in Violation #2 would qualify as a Grade B violation. Given Defendant's criminal history category of I and a Grade B violation, Defendant's range, under the Revocation Table of Chapter 7, would be 4-10 months.

Congress does *mandate* revocation in a case of this nature. By statute, the Court must revoke Defendant because she possessed a controlled substance. *See* 18 U.S.C. § 3583(g)(1); *see also Crace*, 207 F.3d at 836 (equating use with possession). The Sixth Circuit clearly and repeatedly has equated drug use with drug possession, and Defendant's admitted use in this context undoubtedly results in application of § 3583(g)(1). *See United States v. Metcalf*, 292 F. App'x 447, 450 n.2 (6th Cir. 2008) ("Mandatory revocation was . . . warranted under § 3583(g)(1), as we have held that use of a controlled substance constitutes possession under that subsection."). The only exception would be if a suitable treatment option, or Defendant's record of involvement in treatment, warranted relief. *See* 18 U.S.C. § 3583(d); *Crace*, 207 F.3d at 835 (holding district court "required by 18 U.S.C. § 3583(g) to revoke the defendant's term of supervised release upon the defendant's positive drug test and admission of the use of a controlled substance unless defendant could come under the exception in 18 U.S.C. §

3583(d)"). Defendant did not seek, nor does the record support, application of this exception.

The Court has considered all of the § 3553 factors imported into the § 3583(e) analysis, and finds that a term of imprisonment of four months is appropriate based upon those factors. The Guidelines suggest that the *primary* wrong in the supervised release context is the violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). Here, Defendant has certainly breached that trust. At sentencing, District Judge Thapar gave Defendant a below-guideline-range sentence, and advised Defendant that if she were to violate the terms of her supervised release, her release would be revoked and she would be required to serve a term of imprisonment. Despite Defendant's assurances that there would be no reason for her supervised release to be revoked, she once again appears before the Court and has admitted to violating by ingesting a pill containing oxycodone.

The Court is required to impose a sentence that is sufficient, but not greater than necessary, to address this breach of trust and the other statutory goals imported into § 3583(e). The Court is concerned with the timing of the violation. Approximately two weeks after she represented to the Court that she would not be back, she violated the conditions of her supervised release. Furthermore, the violation involved oxycodone, the

same controlled substance that was the subject of her underlying conviction and a previous bond violation report. Although Defendant sincerely expressed remorse for the most recent violation, the Court doubts whether Defendant has the will to overcome the underlying addiction. Although the typical starting point under these circumstances would be the maximum end of the guideline range, the Court is concerned about Defendant's health problems and fears that a term at the higher end of the guideline range would substantially limit the time Defendant would have to spend with her family before her death. Therefore, the Court finds that a sentence at the lower end of the 3-9 month guideline range for a Grade C violation will satisfy these objectives. In particular, the Court recommends that the District Judge impose a four-month term of imprisonment as recommended by the United States. The Court also recommends that the oral motion of the United States to dismiss Violation #2 be granted. This dismissal of Violation #2 would not affect the nature of the sentence because the sentence recommended herein would have fallen within the guideline range for that violation.

A court also may reimpose supervised release, following revocation, for a maximum period that usually subtracts any term of imprisonment actually imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." *See* 18 U.S.C. § 3583(h). The general supervision-term limits of § 3583(b) apply "[e]xcept as otherwise provided." *See id.* § 3583(b). Here, the maximum term of supervised release would be life, *see* 21 U.S.C.

§ 841(b)(1)(C) (providing for a maximum term for supervised release of life for the underlying offense), less any revocation term imposed, *see* 18 U.S.C. § 3583(h). Based upon the factors described above, the Court finds that an additional term of supervised release of two months following the term of imprisonment is warranted with the special condition of home detention. This is well below the 30-month term of supervised release recommended by the United States. However, in the Court's view, a longer term of supervised release would simply be a waste of the Probation Office's limited resources in light of Defendant's lack of will to fight her addiction and the Court's belief that Defendant would promptly violate the same conditions of her supervised release. Defendant has not earned any additional public investment in her treatment and rehabilitation beyond the recommended two-month term. The Court encourages Defendant to take advantage of whatever available resources she may have, including support provided by her family, during the two-month period of supervised release and thereafter. Combined with the special condition of home detention, the Court believes that a two-month term of supervised release is sufficient, but no greater than necessary, to meet the purposes of 3553(a) incorporated into this proceeding.

    The Court **RECOMMENDS**, based on the violation found:

1. Revocation and imprisonment for a term of 4 months.
2. An additional supervised release term of 2 months. The conditions of supervised release should be the same as those originally imposed by the Court's judgment dated February 15, 2011, with the added special

7

condition of home detention. Defendant shall immediately inform Probation of her intended residence following imprisonment. During home detention Defendant shall remain at the designated residence (unless the USPO approves a residential change) at all times except for pre-approved absences for employment or job-seeking, court-ordered obligations, medical appointments, religious services, counseling, and drug treatment. Unless the situation involves a medical emergency, Defendant must have advance approval before leaving her home during the home detention period. For a medical emergency, Defendant must, as immediately as possible, alert the USPO of the emergency.

3. Dismissal of violation #2.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on Judge Thapar's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of

further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

This the 28th day of March, 2011.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge